IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WESLEY WAYNE AUSTIN           * | |
| Petitioner, | |
| v.                                              * | CIVIL ACTION NO. AW-06-1334 |
| | |
| LISA HOLLINGSWORTH       * | |
| SHIRLEY CRUMP | |
| STEVE FINGER                       * | |
| M. JOSEPH | |
| J. HOWARD LOSIEWICZ      * | |
| Respondents. | |
|                                                 *** | |

## **MEMORANDUM**

Wesley Wayne Austin ("Petitioner") is an inmate confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). On May 24, 2006, the court received for filing his "Special Motion" to seek review of a disciplinary hearing decision. Petitioner invokes the Administrative Procedure Act, 5 U.S.C. § 702 and also seeks to "preserve rights to move with civil litigation under 28 U.S.C. § 1331." Paper No. 1.

According to the application, Petitioner was participating in the Residential Drug and Alcohol Program ("RDAP") at FCI-Cumberland and was employed in the education department as a tutor. *Id*. He claims that he was a model inmate and infraction free until the March 7, 2006 incident at issue. Petitioner states that on that date fellow inmate Chiang entered a classroom where Petitioner was holding a class with 28 student inmates. He maintains that Chiang was yelling and left the classroom after being asked to leave due to his disruptive behavior. Petitioner further claims that Chiang gave perjurious information to FCI-Cumberland staff regarding his interaction with Petitioner,[1] resulting in: his placement in the Special Housing Unit ("SHU")

---

[1] Petitioner claims that Chiang falsely indicated that he and Petitioner were yelling at each other and that Petitioner had gone "belly to belly" with him during an altercation. Paper No. 1.

pending investigation; the issuance of an incident report; and the referral of the matter from a Unit Disciplinary Committee ("UDC") to a disciplinary hearing officer ("DHO") with recommendation for sanctions. Paper No. 1. Petitioner complains that: (i) the UDC hearing process violated procedural regulations; and (ii) the DHO hearing conducted on March 30, 2006, was not impartial, did not fairly take into consideration all facts, deprived him of his right to a witness, and resulted in the entry of erroneous findings of guilt.[2] *Id*.

Petitioner states that he was sanctioned with the loss of good time credits, disciplinary segregation, and restrictions placed on his access to the telephone. *Id*. He complains that while he and Chiang were both charged with fighting, he stayed in the SHU for 45 days and remained on FCI-Cumberland past his May 11, 2006 release date, while inmate Chiang was released from SHU, placed back in the RDAP, and is scheduled to graduate and be released to a half-way house in July, 2006. He asks that the court compel Respondents to expunge the incident report or to conduct a re-hearing on the matter to correct the aforementioned due process violations. Petitioner asserts that "due to the unequal due process of law violations, and sanctions based on evidence unfair to the Petitioner, he should not be forced to exhaust all the rubber stamped process of administrative reviews, but receive an [order] from this Court." *Id*.

The Prison Litigation Reform Act ("PLRA") generally requires a prisoner to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such

---

[2] DHO Losiewicz's decision was entered on April 10, 2006. Paper No. 1, Ex. D. A copy of the disciplinary report findings was delivered to Petitioner on April 12, 2006. *Id*.

administrative remedies as are available are exhausted."[3]  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Petition is confined at FCI-Cumberland.  Clearly, he is a "prisoner" within the meaning of 42 U.S.C. § 1997e(a).  Further, it is clear that the U.S. Bureau of Prisons' ("BOP") four step process for resolution of prisoner complaints could be used to resolve the underlying challenge to the March, 2006 disciplinary hearing process.  *See* 28 C.F.R. §542.10 and §542.12.   Thus, the exhaustion provision of § 1997e(a) extends to Petitioner's action whether filed under 5 U.S.C. § 702 or 28 U.S.C. § 1331.[4]  *See Booth v. Churner*, 532 U.S. 731, 741 n. 6 (2001) (Section 1997e mandates exhaustion of administrative remedies irrespective of the forms of relief sought and offered through [the] administrative avenues).  His claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement under the PLRA, or that Respondents have forfeited their

---

[3]  The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase v. Peay*, 582 F.Supp.2d 523, 530 (D. Md. 2003); *Gibbs v. Bureau of Prisons*, 986 F.Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the Bureau of Prisons' grievance process); *Booth v. Churner*, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); *Thomas v. Woolum*, 337 F.3d 720, 726 (6th Cir. 2003) (noting that a prisoner must appeal administrative rulings "to the highest possible administrative level"); *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

[4]  Petitioner may also challenge the disciplinary process to seek reversal and expungement of the disciplinary record, along with the restoration of lost good conduct credits, under this court's  28 U.S.C. § 2241 habeas jurisdiction.  Such a habeas corpus action is, however, subject to a judicially-created administrative exhaustion requirement.  *See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir.1999).

right to raise non-exhaustion as a defense. *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003).

Initially a prisoner must attempt to informally resolve his complaint with staff. *See* 28 C.F.R. § 542.13(a). If attempts at informal resolution are unsuccessful he may file a written complaint to the warden[5] on a prescribed form. This must be done within fifteen days of the incident giving rise to the complaint unless the prisoner can demonstrate a valid reason for delay. *See* 28 C.F.R. § 542.13(b). In an emergency situation where the prisoner's health or welfare is threatened, the warden must respond within 48 hours of receipt of the complaint. Otherwise he has fifteen days from the date the complaint is filed.[6] These deadlines may be extended once by the amount of time originally allowed for a response. *See* 28 C.F.R. § 542.14.

If the prisoner is not satisfied with the warden's response he may appeal to the Regional Director. This must be done within twenty days from the date of the warden's decision. *See* 28 C.F.R. §542.15. The Regional Director must respond within thirty days from the date the appeal is filed. This time may be extended by an additional thirty days. *See* 28 C.F.R. § 542.14.

Finally, if the prisoner is not satisfied with the response of the Regional Director he may appeal to the Office of General Counsel. This must be done within thirty days from the date of the Regional Director's response. *See* 28 C.F.R. § 542.15. The General Counsel must respond within thirty days from the date the appeal is filed. This time may be extended by an additional thirty days. *See* 28 C.F.R. § 542.14.

---

[5] If a prisoner believes that he would be adversely affected if his complaint became known at the institution where he is housed he may file his complaint directly to the Regional Director. *See* 28 C.F.R. § 542.13(c).

[6] A complaint is considered filed when a receipt is issued for it. *See* 28 C.F.R. § 542.14.

Petitioner seemingly claims that given the alleged Fourteenth Amendment violations encompassing the UDC and DHO process, he should not be required to exhaust his administrative remedies. The court disagrees. As a general matter, an inmate like Petitioner must exhaust available administrative remedies before filing suit against prison officials, "[a]bsent a valid defense to the exhaustion requirement." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). Congress has provided no discretion to excuse exhaustion on the basis of alleged futility or other exceptions. *See Booth v. Churner*, 532 U.S. at 741 n. 6; *see also Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002) (noting that the current version of § 1997e(a) provides for no discretion to excuse exhaustion). The undersigned judge finds that Petitioner has failed to demonstrate that he is entitled to any defenses, *e.g.* waiver, estoppel, or equitable tolling. The court therefore concludes that the Petition should be dismissed without prejudice for the failure to satisfy administrative exhaustion requirements. A separate Order follows.


Date: June 1, 2006                             /s/
                                       Alexander Williams, Jr.
                                       United States District Judge